UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CRAIG R. SHORT                                             CIVIL ACTION

VERSUS                                                     NO. 16-16812

RACETRAC PETROLEUM, INC.                                   SECTION "N"(2)

## ORDER AND REASONS ON MOTION

Plaintiff filed a motion to file a first supplemental and amending petition, Record Doc. No. 9, which is pending before me. In his proposed amendment, plaintiff adds certain negligence allegations and names three new defendants, all of whom were raised and referred to by fictitious names in the original state court petition. Adding the new parties would destroy diversity of citizenship, the sole basis for this court's subject matter jurisdiction. Defendant Racetrac Petroleum, Inc. ("Racetrac") filed a timely opposition memorandum, in which it argues that the amendment fails to state a cognizable cause of action against the identified defendants under state law and that plaintiff should not be permitted to defeat this court's jurisdiction. Record Doc. No. 11. At counsel's request, oral argument was conducted on May 3, 2017. Having considered the written submissions of the parties, the oral argument of counsel, the record and the applicable law, plaintiff's motion is GRANTED for the following reasons.

Plaintiff originally filed this personal injury suit for damages in the 22nd Judicial Court for St. Tammany Parish in May 2016 against Racetrac as the sole specifically identified defendant. The petition also named a "John Doe" individual defendant, a "John Doe, Inc." corporate defendant and two insurance companies, identified only by fictitious

letter names. Record Doc. No. 1-1 at pp. 3-4 (state court petition). Plaintiff seeks damages allegedly resulting from a slip and fall accident at Racetrac's Covington, Louisiana, business location on June 29, 2015.

Racetrac removed the action to this court on December 2, 2016, based solely on diversity of citizenship jurisdiction, alleging that plaintiff is a Louisiana citizen and Racetrac is a citizen of Delaware and Georgia for diversity purposes. Record Doc. No. 1 at ¶¶ 2-4. No particular citizenship allegations are made as to the proposed new corporate defendant.[1] However, the proposed new individual defendants, both of whom are alleged to have been "personally responsible" and otherwise negligent for the circumstances they knew or should have known about that caused plaintiff's accident, are Louisiana citizens, like plaintiff himself. Record Doc. No. 9-1 at pp. 3-4 (proposed first supplemental and amending petition). Thus, allowing the amendment would destroy this court's sole basis for subject matter jurisdiction. In its memorandum in opposition to plaintiff's motion, Racetrac contends that evaluating the factors articulated in <u>Hensgens v. Deere & Co</u>., 833 F.2d 1179, 1182 (5th Cir. 1987), weighs in favor of denying the motion. For the following reasons, I disagree with Racetrac and grant plaintiff's motion to amend his petition.

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." Because the policy of Rule 15 is to permit liberal amendment of pleadings in the absence of substantial prejudice to defendants that cannot

---

[1] Defense counsel represented at oral argument that the new corporate defendant is an Alabama citizen for diversity purposes.

be cured by other means, <u>Dussouy v. Gulf Coast Inv. Corp.</u>, 660 F.2d 594, 597 (5th Cir. 1981), Rule 15(a) evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. <u>Stripling v. Jordan Prod. Co.</u>, 234 F.3d 863, 872 (5th Cir. 2000) (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Leffall v. Dallas Indep. Sch. Dist.</u>, 28 F.3d 521, 524 (5th Cir. 1994); <u>Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.</u>, 195 F.3d 765, 770 (5th Cir. 1999); <u>Dussouy</u>, 660 F.2d at 597-98). Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but such leave "is by no means automatic." <u>Wimm v. Jack Eckerd Corp.</u>, 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." <u>Id.</u> Futility in this context means "that the amended complaint would fail to state a claim upon which relief could be granted. . . . [Thus,] to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6)." <u>Stripling</u>, 234 F.3d at 873 (quotations and citations omitted); <u>accord</u> <u>Fenghui Fan v. Brewer</u>, 377 F. App'x 366, 367 (5th Cir. 2010).

However, when an amendment after removal from state court would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies. Section 1447(e) vests broad discretion in the trial court by expressly providing the following choice: "the court <u>may</u> deny joinder, <u>or permit joinder</u> and remand the action to the State court." (Emphasis added). The

3

language of Section 1447(e) is entirely permissive. Exercise of this discretion depends upon application of the factors enunciated by the Fifth Circuit in Hensgens and approved in Tillman v. CSX Transp., Inc., 929 F.2d 1023, 1029 n.11 (5th Cir. 1991), to determine whether the proposed amendment should be permitted. I find that application of the Hensgens factors in this case establishes that the motion to amend should be granted.

The first Hensgens factor is the extent to which joinder of a non-diverse party is sought to defeat federal jurisdiction. It is clear from plaintiff's original filing decision that he prefers to pursue his case in state court. Racetrac argues that its employees who are now named as individual defendants have no legal duty to plaintiff under applicable Louisiana law; indicating that plaintiff's motive must therefore be to defeat diversity jurisdiction. Defendant cites applicable state law to the effect that subordinate employees of Racetrac, like the individuals now named as proposed new defendants cannot be personally liable for negligence in these kinds of circumstances, unless they personally know or personally should know of the alleged non-performance or mal-performance and nevertheless failed to cure the risk of harm. Record Doc. No. 11 at pp. 5-6 (defendant's opposition memorandum, citing Gros v. Warren Properties, Inc., 2012 WL 59096724, at *7 (E.D. La. Nov. 26, 2012), and Canter v. Koehring Co., 283 So. 2d 716, 721 (La. 1973). I find that plaintiff's proposed amendment adequately makes the kinds of allegations of personal knowledge and responsibility that may fit the exception noted in the cited Louisiana cases, if proven. On the current record, I cannot conclude that the proposed amendment fails to state a claim upon which relief might be granted as a matter of law and note that the

potential liability of the individual defendants as a matter of law appears more appropriately addressed later in these proceedings on motion for summary judgment, if a set of undisputed material facts is established.

Under these circumstances, I cannot conclude that plaintiff's principal motivation is to defeat this court's subject matter jurisdiction. Plaintiff's original naming of these individuals and a second corporate defendant using fictitious names at a time when their actual identities were unknown indicated a desire on plaintiff's behalf to include them as parties from the outset of this litigation, before removal occurred. This desire was made express in the original petition, when plaintiff clearly stated that these fictitious names were being used only until actual identities could be ascertained. Record Doc. No. 1-1 at pp. 3-4 (petition at ¶'s B-E). Although defendant addressed the naming of "John Doe" defendants in its notice of removal, Record Doc. No. 1 at pp. 2-3, ¶ 5, the notice makes no allegations that their joinder was in any way fraudulent. A finding of liability is better and more reliably made if <u>all</u> alleged wrongdoers are in the same case and able to defend themselves directly. In addition, there are procedural and discovery advantages available to plaintiff if the new parties are named defendants rather than merely non-party witnesses. For these reasons, I cannot find that plaintiff's principal motivation in adding these defendants at this time is to defeat federal jurisdiction. This factor weighs in favor of permitting the amendment.

The second <u>Hensgens</u> factor is whether plaintiff has been dilatory in asking for the amendment. The record establishes that plaintiff's motion was timely, having been

submitted to the court on March 23, 2017, Record Doc. No. 8, the deadline for amendments set in the court's scheduling order. Record Doc. No. 7. Although the original filing on that date was marked "deficient" by the clerk, and the deficiency was not cured until March 27, 2017, four days after the deadline, both the Federal Rules of Civil Procedure and Fifth Circuit precedent are clear that these circumstances do not affect timeliness. "The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice." Fed. R. Civ. P. 5(d)(4). In addition, "[a] local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply." Fed. R. Civ. P. 83(a)(2). The Fifth Circuit has recognized that this court's local electronic filing requirements are such rules and that the filing date for timeliness purposes under these circumstances is the earlier "deficient" filing date. Darouiche v. Fid. Nat'l Ins. Co., 415 F. App'x 548, 552 (5th Cir. 2011). The instant motion to amend must therefore be considered timely, and the second Hensgens factor also weighs in favor of permitting the amendment.

The third Hensgens factor is whether plaintiff would be significantly injured if the requested amendment is not allowed. Considerations of cost and efficiency, both for the parties and for the courts involved, militate in favor of not requiring plaintiff to prosecute his claims against Racetrac in this court, while other defendants are pursued in the state court, when all claims arise from the same incident. Thus, plaintiff runs substantial risk of significant injury if he is not permitted to add as defendants those parties whose actions are

6

alleged to have caused or contributed to his damages. This factor weighs in favor of permitting the amendment.

The final Hensgens consideration is any other factor bearing on the equities. This case involves state law claims in the precise state district court jurisdiction where plaintiff resides, where defendant conducts business, where the incident occurred and where most of the witnesses and evidence can be found. The case presents no compelling federal interest. It also involves the application of state law. The interest of the judicial system in avoiding parallel actions is significant. For all of the reasons discussed above, I find that the equities favor permitting plaintiff's amendment in this case.

For similar reasons, the Rule 15 factors also weigh in favor of permitting the amendment. Neither undue delay nor prior amendments have occurred. The parties will not be prejudiced by the amendment, as ample time remains before the discovery deadline, the trial date and other deadlines by which all parties may prepare this case for trial. The potential loss of this court as a forum because the amendment destroys subject matter jurisdiction would not prejudice any party because the state court is not only convenient but also able and available to adjudicate the matter fully and efficiently. For the reasons addressed above, the amendment does not appear futile.

Accordingly, because on balance the Hensgens and Rule 15 factors weigh in favor of permitting the amendment, plaintiff's motion to amend is GRANTED. Whether the case should now be remanded from this court to the state court from which it was removed, as

provided in 28 U.S.C. § 1447(e), is a matter solely within the province of the presiding district judge.

New Orleans, Louisiana, this ___3rd___ day of May, 2017.

                             _____
                                    JOSEPH C. WILKINSON, JR.
                                UNITED STATES MAGISTRATE JUDGE