UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CRAIG R. SHORT | CIVIL ACTION |
| VERSUS | NO. 16-16812 |
| RACETRAC PETROLEUM, INC., Individually and d/b/a RACETRAC, et al. | SECTION "N" (2) |

## **ORDER AND REASONS**

In this action, Plaintiff, Craig R. Short, contends that he suffered bodily injuries when he allegedly slipped and fell in an area of the parking lot at Defendant RaceTrac Petroleum, Inc.'s Highway 190, Covington, Louisiana (Store No. 673) location that "appeared to be recently painted and wet from the rain." *See* Rec. Doc. 1-1 at ¶¶ II-III. Asserting diversity of citizenship subject matter jurisdiction, RaceTrac previously removed this action from Louisiana state court.

Now before the Court are Defendant "RaceTrac Petroleum, Inc.'s Motion to Review Order of Magistrate Judge" (Rec. Doc. 24) and Plaintiff Craig Short's "Motion to Remand for Lack of Federal Court Jurisdiction" (Rec. Doc. 28). The motions dispute the propriety of Magistrate Judge Wilkinson's Order and Reasons (Rec. Doc. 17) allowing Plaintiff to file his "First Supplemental and Amending Complaint" (Rec. Doc. 18), which substitutes the names of RaceTrac store manager and co-manager, Samantha Pritchett McMillan and Janiqua Jackson, respectively, in the place of the "John Doe" individual defendant named in his state court petition.

RaceTrac opposes Plaintiff's addition of Ms. McMillan and Ms. Jackson as defendants because they are citizens of Louisiana for purposes of diversity of citizenship subject

matter jurisdiction. Thus, if permitted, their joinder as defendants destroys the Court's diversity jurisdiction and requires remand, pursuant to 28 U.S.C. §1447(e). *See, e.g., Doleac ex rel. Doleac v. Michalson,* 264 F.3d 470, 477-77 (5th Cir. 2001) (internal citations and quotations omitted)("§1441(a) applies only to John Doe defendants as such, not to subsequently named parties identifying one of those fictitious defendants" whereas "§ 1447(e) applies also to the identification of fictitious defendants after removal"). In support of its motion seeking *de novo* review of the Magistrate Judge's amendment ruling,[1] Defendant RaceTrac contends that Ms. McMillan and Ms. Jackson, the store manager and co-manager, respectively, are improperly joined such that Plaintiff's proposed amendment to add the two as defendants must be rejected as futile, their citizenship disregarded, and §1447(e) remand denied.

Regarding the amendment of pleadings, "Rule 15(a) [of the Federal Rules of Civil Procedure] requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005). Leave to amend is in no way automatic, but the district court must possess a "substantial reason" to deny a party's request for leave to amend. *Id.*. In deciding whether to grant leave to file an amended pleading, the district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n,* 751 F.3d 368, 378 (5th Cir. 2014).

---

[1] Race-Trac seeks *de novo* review because of the remand directed upon amendment by §1447(e). *See Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 764-65 (5th Cir. 2016) (motion to remand is dispositive matter for which magistrate judge should enter a recommendation to the district court that is subject to the district court's *de novo* review).

2

"[F]utility' in this context . . . mean[s] that the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). Futility is determined by "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Marucci Sports,* 751 F.3d at 378 (quoting *Stripling,* 234 F.3d at 873)).

In this instance, RaceTrac maintains that, under the facts and circumstances alleged by Plaintiff, no colorable claim for personal tort liability exists under Louisiana law against the two individual defendants. Having carefully considered the law, the parties' submissions, and the record in this matter, **IT IS ORDERED** that RaceTrac's motion to review (Rec. Doc. 24) is **DENIED** to the extent that it asks the Court to reject Magistrate Judge Wilkinson's ruling allowing Plaintiff's amendment.

Although discovery may reveal, as urged by RaceTrac, that Ms. McMillan and Ms. Jackson lacked the requisite personal responsibility for and/or knowledge of the parking lot paint's condition, such that their duties were only those of general administrative responsibility for which personal liability does not apply,[2] neither is necessarily precluded by the allegations of Plaintiff's petition and First Amended and Supplemental Complaint. Additionally, although RaceTrac's motion to review is accompanied by declarations from Ms. McMillan and Ms. Jackson denying any involvement with the painting of the parking lot, any knowledge of who painted the lot, when it was done or the type of paint used, or that any hazardous conditions existed at the time Plaintiff fell, the

---

[2] *See generally Kemp v. CTL Distrib., Inc.,* 440 Fed. Appx. 240, 245-46 (2017); *Bradley v. Wal-Mart Stores, Inc.,* Civil Action No. 16-3249, 2016 WL 3180644 (E.D. La. June 8, 2017)(Morgan, J.); *Garrett v. AEP River Opers., LLC*, Civil Action No. 15-5562, 2016 WL 945056 (E.D. La. Mar. 14, 2016)(Vance, J.); *Gros v. Warren Properties,* Civil Action No. 12-2184, 2012 WL 5906724 (E.D. La. Nov. 26, 2012) (Barbier, J.); *Thomas v. Wal-Mart Stores, Inc*., Civil Action No. 11-2365, 2012 WL1019822 (E.D. La. Mar. 26, 2012) (Engelhardt, J.); *see also Canter v. Koehring, Co.,* 283 So.2d 716, 721-23 (La. 1973).

declarations were not previously provided to the Magistrate Judge, or Plaintiff for consideration, in the first instance, with Plaintiff's motion seeking leave to amend. *See* Rec. Docs. 24-2 and 24-3. Accordingly, the Court finds such questions more appropriately addressed, after pertinent discovery, by means of summary judgment motion, rather than at this pleading juncture.

Given the foregoing, **IT IS FURTHER ORDERED** that the Magistrate Judge's ruling (Rec. Doc. 17) regarding the Plaintiff's motion for leave to amend is **AFFIRMED** and that Plaintiff's motion to remand (Rec. Doc. 28) is **GRANTED**. **IT IS FINALLY ORDERED** that this matter is **REMANDED** to the 22nd Judicial District Court for the Parish of St. Tammany.

New Orleans, Louisiana, this 6th day of December 2017.

**KURT D. ENGELHARDT**
**United States District Judge**